J-A23028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYRUS TYREE BROWN | : | |
| | : | |
| Appellant | : | No. 269 WDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000893-2018

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED:  January 15, 2026**

Cyrus Tyree Brown appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In December 2018, Brown pleaded guilty to statutory sexual assault and corruption of minors.[1] He was sentenced on February 15, 2019 to 14 to 36 months' incarceration followed by seven years' probation on the statutory sexual assault conviction, and 12 to 36 months' incarceration followed by four years' probation on the corruption of minors conviction. The sentences were to run concurrently. Brown did not file a direct appeal. He served his prison sentence and was released on probation. While on probation, in September 2022, Brown acquired new charges. Brown was ultimately convicted and

---

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1) and 6301(a)(ii), respectively.

sentenced on those new charges. The trial court in the instant matter found Brown in violation of probation due to the new convictions. As a result, on November 3, 2023, the court imposed a new sentence, in which Brown's probationary sentences were reimposed and were to run concurrently with any sentence he was then serving. Brown did not appeal.

On July 11, 2024, Brown filed a *pro se* PCRA petition. Although Brown filed the petition at the instant docket, the petition challenged his sentencing order for the new convictions in his other case. Brown claimed that "his sentence is illegal due to the fact that the probationary period of his sentence cannot run concurrently with any incarceration period." PCRA Petition, filed 7/11/24, at 4. Counsel was appointed and, in October 2024, filed a **Turner/Finley**[2] no-merit letter and a motion for leave to withdraw as counsel.

On November 8, 2024, Brown filed a second *pro se* PCRA petition, also at this docket. Brown challenged the original sentence in this case, which was imposed on February 15, 2019. He claimed that this sentence "is illegal due to the fact that the probationary period of his sentence cannot run concurrently with any incarceration period." PCRA Petition, filed 11/8/24, at 4.

On November 26, 2024, the court granted counsel's motion to withdraw and issued a Rule 907 notice of intent to dismiss the petition without a hearing.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*See* Pa.R.Crim.P. 907(1). On December 27, 2024, Brown submitted a filing styled as a "Petition for Rule to Show Cause," which the court treated as a response to its Rule 907 notice. *See* Order, 4/14/25, at 2. On January 29, 2025, the court dismissed Brown's PCRA petition. Brown filed the instant timely appeal.

The trial court ordered Brown to comply with Pennsylvania Rule of Appellate Procedure 1925(b). *See* Order, 3/3/25. The order advised Brown that any issues not raised in his 1925(b) statement would be deemed waived. *See id.* The court by order dated April 9, 2025 granted Brown an extension to submit a 1925(b) statement. On May 19, 2025, Brown filed a document entitled, "Petitioner's Response to Court Orders Being Dated April 9th of 2025 and April 15th of 2025 at Case No. CR-893-2018." The court treated this filing as a Rule 1925(b) statement of matters complained of on appeal. *See* Opinion Pursuant to Pa.R.A.P. 1925(a), filed 5/22/25, at 2. The court found that Brown's submission was "incoherent and border[ed] on nonsensical" and "failed to assert any cognizable claim, legal argument, or basis for relief." *Id.* at 1.

Brown raises the following issues on appeal:

1. [Brown] is, and continues to be an illegally incarcerated prisoner in the Pennsylvania Department of Corrections, and has been without the Commonwealth being able to provide this court, or any other court with a/any validated police criminal complaint and affidavit of probable cause.

2. [Brown] would request, as he has been [that the] Lower Court to provide both to him and to this court with

constitutional statutory authority that permits two (2) separate "individual" sentences to be given at one (1) single "individual" count charged. Pointing out to this court that [Brown] was sentenced with a minimum of 14 months to a maximum of 36 months, this making it one (1) complete sentence served at count (3).

However, as [Brown] points out to this court that he also received at the same count (3) a sentence of 7 years of probation to be followed from the "first" sentence of 14 to 36 months, it is clear in both the records, the laws, and the constitution that this type of sentencing is a violation of the Double Jeopardy Clause. [Brown] also points out to this court that he also received at Count (5) the same violation of sentencing.

3. [Brown] has continued to ask the Lower Courts to explain [its] sentencing structure that permits a sentence of probation to be served concurrently with jail time this court has not done so.

Brown's Br. at 1-2.

Our standard of review from the order denying a PCRA petition

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up).

We agree with the PCRA court that Brown's 1925(b) statement is difficult to understand. It mainly consists of argumentative assertions, rather than identifiable legal issues. Nonetheless, winnowing the wheat from the chaff, we find a challenge to the legality of his sentence in his assertion that "the courts

known [sic] or should have known [sic] that this sentence structure is not supported by law." Petitioner's Response to Court Orders Being Dated April 9th of 2025 and April 15th of 2025 at Case No. CR-893-2018 at 2 (unpaginated). Although this assertion is vague, the context of the litigation below makes it sufficiently clear that it incorporates Brown's argument below that the lower court illegally sentenced him to concurrent terms of imprisonment and probation. *See Commonwealth v. Rogers,* 250 A.3d 1209, 1224-25 (Pa. 2021).

However, Brown's appellate brief fails to conform to our Rules of Appellate Procedure to such an extent that it impedes appellate review. "When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Irwin Union Nat'l Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa.Super. 2010); *see also Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (stating if a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived").

An appellant has the "duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (internal citation omitted). "[U]ndeveloped claims are waived and unreviewable on appeal." *Commonwealth v. Clayton*, 816 A.2d 217, 221

(Pa. 2002). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005).

Here, in contravention of Pennsylvania Rule of Appellate Procedure 2111, Brown's brief does not contain a statement of jurisdiction, statement of the scope of review and the standard of review, statement of the case, or summary of argument. **See** Pa.R.A.P. 2111(a). Further, in violation of Pennsylvania Rule of Appellate Procedure 2119, the argument section of the brief consists of two paragraphs and fails to correspond to the enumerated issues. **See** Pa.R.A.P. 2119(a) (stating the argument section of an appellate brief, "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Most concerningly, the argument is undeveloped, disjointed, and does not contain any citations to the record or legal authority. **See id.** Accordingly, Brown's issues on appeal are waived.

Even if his claims were not waived, we would affirm. Any petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one statutory exception:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, since Brown did not file a direct appeal, his judgment of sentence became final on March 17, 2020. The instant petition, which was filed on July 11, 2024, was facially untimely. Thus, the PCRA court lacked jurisdiction unless Brown pleaded and proved at least one of the time-bar exceptions. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In his appellate brief, Brown argues only that his original sentence imposed on February 15, 2019 was illegal. *See* Brown's Br. at 2. He makes no claim that

the PCRA court improperly dismissed his petition as untimely. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Since the instant petition was filed more than one year after his judgment of sentence became final, and Brown has not presented an argument on appeal that the PCRA court should not have dismissed the petition as untimely, we would affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/15/2026